JUSTICE RICE
specially concurring.
¶58 I concur with the Court’s holding on all issues and write only to note that, under the equal protection issue, Issue One of the Opinion, the rational basis test is the most lenient and easiest test under which the state can justify its classifications. Indeed, we have explained that “in applying this ‘rational basis’ test, ‘[A] discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.’” See Johnson v. Sullivan, 174 Mont. 491, 498, 571 P.2d 798, 802 (1977) (quoting McGowan v. Maryland, 366 U.S. 420, 426, 81 S. Ct. 1101, 1105 (1961)); see also Kottel v. State, 2002 MT 278, ¶ 55, 312 Mont. 387, ¶ 55, 60 P.3d 403, ¶ 55 (“a classification is reasonable if any reasonably conceivable state of facts provides a rational basis for it”). However, I can conceive of no set of facts which would justify the Department’s exclusion of self-employment property held by a LLC but not self-employment property held by Timms’ small family-owned corporation, which classes appear to be similarly situated. Nor was my effort to justify this distinction aided by the Department, who did not respond to Timms’ argument in this regard.